USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/16/19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA ex rel. NINA MARIE CHAVEZ,

    Plaintiff,

v.

FUSION PHYSICAL THERAPY AND SPORTS WELLNESS, P.C., and CAROLYN SUE MAZUR,

    Defendants.

17 Civ. 9757 (RA)

**STIPULATION AND ORDER OF SETTLEMENT AND RELEASE BETWEEN THE UNITED STATES AND RELATOR**

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Stipulation") is entered into between the United States of America (the "United States"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, and relator Nina Marie Chavez ("Relator" and, together with the United States, the "Parties"), through her counsel;

WHEREAS, on or about December 13, 2017, Relator filed a complaint in the above-captioned action in the United States District Court for the Southern District of New York (the "Court") under the *qui tam* provisions of the False Claims Act, as amended, 31 U.S.C. § 3729 *et seq.* (the "FCA"), alleging, *inter alia*, that Defendants violated the FCA by submitting or causing to be submitted false claims to Medicare (the "Relator Action");

WHEREAS, on or about June 14, 2019, the United States filed a complaint-in-intervention ("Government Complaint"), asserting claims against Defendants arising out of Defendants' submission of claims to Medicare, from on or about April 15, 2016, to on or about August 11, 2017, for physical therapy services that were not performed by the provider listed in the claim, and

in some instances, were actually performed by a provider who was not even eligible to seek reimbursement from Medicare (the "Covered Conduct");

WHEREAS, on or about June 13, 2019, the United States, Defendant, and Relator entered into a Stipulation of Settlement and Dismissal (the "Settlement Agreement");

WHEREAS, pursuant to Paragraph 3 of the Settlement Agreement, Defendant agreed to pay the United States $37,500 (the "Settlement Amount") to resolve the claims of the United States for the Covered Conduct;

WHEREAS, the Relator has asserted that, pursuant to 31 U.S.C. § 3730(d)(l), she is entitled to receive a portion of the Settlement Amount (the "Relator Share Claim"); and

WHEREAS, the Parties mutually desire to reach a full and final compromise of the Relator Share Claim pursuant to the terms set forth below.

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1.   Contingent upon receipt by the United States of full payment due to the United States under Paragraph 3 of the Settlement Agreement, the United States will pay Relator, c/o Relator's Counsel, as attorneys for Relator ("Relator's Counsel"), 18 percent (18%) of the payment of the Settlement Amount received from Defendant ($6,750) in accordance with written instructions provided by Relator's Counsel within a reasonable time after the United States' receipt of the payment of the Settlement Amount. The obligation to make the payment to the Relator under this Paragraph is expressly conditioned on, and only arises with, the receipt by the United States of the payment of the Settlement Amount from Defendant required by the Settlement Agreement. In the

event that Defendant fails to make the payment required by the Settlement Agreement, the United States shall have no obligation to make any payment to the Relator.

2. Relator, for herself and her heirs, successors, attorneys, agents, and assigns, agrees that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law, and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law.

3. In agreeing to accept payment of the Relator's share set forth in Paragraph 1 above, and upon payment thereof, Relator, for herself and her heirs, successors, attorneys, agents, and assigns, releases and is deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents from any claim for a share of any proceeds of the Settlement Agreement pursuant to 31 U.S.C. § 3730 or other applicable law, and from any and all claims against the United States and its agencies, officers, employees, servants, and agents arising from or relating to the Settlement Agreement or any claim in the Relator's Action or the Government Complaint.

4. This Relator Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Relator Stipulation.

5. The United States and Relator agree that if the Settlement Agreement is held by a court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), this Relator Stipulation is null and void.

6. This Relator Stipulation shall inure to the benefit of and be binding only on the Parties, their successors, assigns, and heirs.

3

7. This Relator Stipulation shall become final, binding, and effective only upon entry by the Court.

8. This Relator Stipulation constitutes the entire agreement of the Parties with respect to the subject matter of this Relator Stipulation and may not be changed, altered, or modified, except by a written agreement signed by the Parties specifically referring to this Relator Stipulation.

9. This Relator Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Relator Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Relator Stipulation, this Relator Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

10. This Relator Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: July 15, 2019
New York, New York

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____
Charles S. Jacob
Jessica Jean Hu
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.:   (212) 637- 2725/2726
Fax:   (212) 637-2717
*Attorneys for the United States of America*

Dated: 7/15, 2019

By: /s/ Timothy J. McInnis

TIMOTHY J. MCINNIS
Timothy J. McInnis, Esq.
McInnis Law
521 5th Avenue, 17th Floor
New York, NY 10175-0038
Tel.: (212) 292-4573
Fax: (212) 292-4574
*Attorneys for the Relator*

Dated: July 12th, 2019

NINA MARIE CHAVEZ
*Relator*

Dated: July 16, 2019
New York, New York

SO ORDERED:

HON. RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE

5